## Case No. 12,490.

### SCHUMACHER v. MANHATTAN LIFE INS. CO.

[3 Ins. Law J. 455.] [1]

Circuit Court, E. D. Missouri. 1874.

**INSURANCE — LIFE— FAILURE TO PAY PREMIUMS— RIGHT TO DEMAND PAID-UP POLICY — RE-EXAMINATION.**

A ten-premium life policy for $2,000 contained the conditions that after two annual payments were made the insured could have a paid-up policy for an amount equal to as many tenths of the original policy as he had paid premiums. Failure to pay any of the annual premiums when due worked a forfeiture. It was the custom of the defendant to restore forfeited policies within thirty days on the presentation of a certificate of good health, and within six months on satisfactory medical examination. On November 3, 1871, the insured made a tender of premium due May 16th, which was refused unless he would make a new application and pass a new medical examination, which he failed to do. Insured died December, 1871. Plaintiff claimed a paid-up policy of $1,000,—five annual premiums having been paid, —or the whole amount she was entitled to, as might appear from the facts on trial. *Held*, that she was not entitled to recover, because (1) there never was any demand for a paid-up policy, or offer to surrender the old one; (2) because the insured failed to present a certificate of good health up to the time of his death; (3) because he failed to pass a satisfactory new medical examination.

The plaintiff [Elizabeth F. Schumacher] in the above cause sued upon a policy of insurance for the sum of $2,000, issued by defendant May 13, 1866, upon the life of her hus-

---

[1] [Reprinted by permission.]

band, who died in December, 1871. The policy was upon what is known as the "ten-year plan," and the insured had the right at any time after the payment of two annual premiums upon his policy, and upon surrendering the same (no default having been made in the payment of premiums), to demand a paid-up policy for an amount which should bear the same proportion to $2,000 as the number of premiums paid bore to ten premiums. The policy also provided that failure to pay any annual premium when due should work a forfeiture. Plaintiff asked judgment in her petition for either the amount of a paid-up policy for $1,000, or for the whole amount of the policy sued on, as it might appear from the facts she was entitled to. Upon the trial it appeared: That the insured died in December, 1871, having paid five annual premiums on his policy, the first four having been paid on or before the days when they fell due, respectively, and the last having been paid August 17, 1870, and about three months after it fell due. That it was the custom of the defendant in the prosecution of its business to receive premiums on its policies at any time within thirty days after the time for payment had passed, and the policies were restored upon presentation of a health certificate, and at any time within six months after forfeiture upon a medical examination. That before defendant received the fifth annual premium from deceased, it had required of him, and he had given, the usual health certificate, and that at no time had the deceased demanded a paid-up policy, or offered to surrender his, the original one. It further appeared that on November 3, 1871, the deceased, through a friend, made a tender to defendant of the premium due May 16, 1871, but that he did not at that time, or any time before his death, tender a health certificate; and it also appeared that about the middle of the month of November, previous to the death of the insured, defendant offered to renew his policy on condition that he would make a new application, pass a satisfactory medical examination, and pay his premium, all of which he failed to do.

Geo. P. Strong, for plaintiff.

Hitchcock, Leibke & Player, for the company.

Upon these facts THE COURT (DILLON, Circuit Judge) instructed the jury that the plaintiff was not entitled to recover: (1) Because there never was any demand for a paid-up policy, or offer to surrender the policy sued; (2) because, after the premium was due, May 16, 1871, and when on November 3, 1871, payment was tendered, no health certificate was tendered, nor was any such certificate tendered at any time previous to the death of the assured; and (3) because when, subsequent to said November 3d, a proposition was made to renew on condition that the assured should make a new application and pass a satisfactory medical examination and

pay said premium, he failed to comply with any of said conditions.

Upon the giving of this instruction the plaintiff submitted to a nonsuit.